IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Darryl Bowers, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Housekeeping Services of Hilton Head, LLC., David L. Myer, *individually*.<br><br>Defendants. | CIVIL ACTION NO. 9:18-cv-01341-BHH<br><br>Collective Action Complaint<br>(Jury Trial Requested) |

Plaintiff Darryl Bowers, on behalf of himself and all others similarly situated individuals, by way of his Complaint in the above-captioned matter, alleges and show unto this Honorable Court the following:

## NATURE OF CLAIM

1. This is an action for violations of unpaid overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*, (FLSA).

2. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b), individually and on behalf of himself and other similarly situated employees of the Defendants who suffered damages because of Defendants' violations of the FLSA.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Darryl Bower is a resident and citizen of Jasper County.

4. Defendant, Housekeeping Services of Hilton Head, LLC, is a for profit corporation, registered with the South Carolina Secretary of State.

5. Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in Beaufort County. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Beaufort Division of this Court.

6. Plaintiff brings this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all delivery drivers who worked in excess of forty (40) hours in any given work week, but who did not receive overtime compensation for such hours within the last three years.

7. This Court has jurisdiction of the state claims alleged herein, and of the FLSA claim per 28 U.S.C. § 1331, and 29 U.S.C. § 216 (b).

8. At all times pertinent to this Complaint, Defendants owned an operation and were an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and 203(s).

9. Based upon information and belief, the annual gross sales volume of the Defendants' business was more than $500,000.00 per year at all times material hereto.

## FACTS

10. Defendant, Housekeeping Services of Hilton Head, LLC., is the Lowcountry's largest and most diverse cleaning company, providing resort housekeeping, residential maid service, business janitorial services, as well large scale commercial laundry and linens for the area's hotels, resorts, restaurants, and property management companies. All of these services are provided year-round, seven days a week. http://www.housekeepingserviceshhi.com/

11.	David L. Myers is the President and Chief Executive Officer of Housekeeping Services of Hilton Head, LLC.  Defendant Myers acted directly and/or indirectly in the interest of Defendants in relation to Plaintiff and similarly situated employees.  Defendant Myers regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By such control and authority, Defendant Myers was an employer of Plaintiff as such term is defined by the Act.  29 U.S.C. §201 *et seq*.

12.	Plaintiff Darryl Bowers was employed by the Defendants from approximately November of 2013 until approximately October of 2017.

13.	Plaintiff worked as a delivery driver and was paid an hourly rate.

14.	Plaintiff had an employment agreement with Defendants that he would be paid an hourly wage for all hours worked.

15.	Plaintiff worked for Defendants with the clear understanding and agreement by Defendants, that his compensation would be consistent with all applicable laws, including state and federal wage laws.

16.	Plaintiff's primary responsibilities included driving a small box trucks, delivering clean linens and picking up dirty linens from hotels, restaurants, resorts, health clubs in Hilton Head, Sea Pines and Bluffton.

17.	Plaintiff drove a vehicle that weight less than 10,000 pounds.

18.	Plaintiff routinely worked from approximately 8:00 a.m. to 6:00 p.m., five days a week.

19.     Plaintiff was a "covered employee" and was entitled to overtime pay when he worked more than forty (40) hours in any given week pursuant 29 U.S.C. § 207 and § 306(a), (c); because he was an employee who drove a vehicle weighing 10,000 pounds or less.

20.     Defendants did not compensate Plaintiff and similarly situated delivery drivers for their meal breaks.

21.     Defendants automatically deducted thirty (30) minutes from Plaintiff's pay each shift regardless of, whether, he was able to have a meal break.

22.     Plaintiff was rarely, if ever, able to take a meal break; because he was required to make deliveries on a time schedule.

23.     Frequently, Plaintiff had to wait at the warehouse because the linens were not ready for delivery.  This caused Plaintiff and the other drivers to get behind, so they often worked through their meal breaks to stay on schedule.

24.     Plaintiff regularly encountered traffic, or a client whose linens weren't ready for pick-up when he arrived.  This also caused Plaintiff to work through his meal breaks, so he would not fall too far behind schedule.

25.     Plaintiff and the other delivery drivers regularly informed their Plant Manager and the Floor Manager that they were unable to take a (30) minute meal break.

26.     Thus, Defendants were aware that Plaintiff's meal time was taken up principally by work responsibilities; so much so that it prevented him from comfortably relaxing during their meal break.

27.     Despite this, it was Defendants policy and practice, to automatically deduct (30) minutes from each shift, Plaintiff and the other delivery drivers worked.  This occurred regardless of whether they took a meal break.

28. As a result of Defendants policy, Plaintiff and similarly situated delievery drivers regularly worked approximately two and half hours (2 1/2) of overtime a week without being compensated.

29. At all times relevant to this Complaint, Plaintiff and similarly situated delivery drivers regularly worked in excess of forty (40) hours per week, and Defendants failed to compensate them at a rate of one and one-half times their regular hourly wage.

30. At all times relevant to this Complaint, Plaintiff and similarly situated delivery drivers were non-exempt employees.

31. Plaintiff's primary duties did not involve managing the enterprise or any subdivision of the enterprise.

32. Plaintiff did not have the authority to hire or fire employees.

33. Plaintiff's responsibilities and job duties did not allow for the exercise of independent discretion.

### FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action)

34. Plaintiffs, on behalf of themselves and all other similarly situated employees, realleges and incorporates by reference all preceding paragraphs as if specifically set forth herein.

35. Plaintiffs and the members of the Plaintiffs' class were employees of Defendants for purposes of the Fair Labor Standards Act during times relevant to this Complaint.

36. Defendants failed to pay Plaintiffs and the members of the Plaintiffs' class at the rate of one-and-a-half times their normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

37. Defendants also failed to pay Plaintiffs and the members of the Plaintiffs' class for all compensable time for which Plaintiffs provided work for the benefit of Defendants.

38. Plaintiffs and the members of the Plaintiffs' class are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

39. Plaintiffs and the members of the Plaintiffs' class are also entitled to an award of back pay at their regular hourly rate or their overtime rate, as appropriate, as appropriate compensation for all time spent in working for Defendants, which was wrongfully excluded by Defendants in calculating their compensable time.

40. The failure of Defendants to compensate Plaintiff and the other delivery drivers for overtime work and the time they spent working during their meal break was knowing, willful, intentional, and done in bad faith.

41. Plaintiffs and the members of the Plaintiffs' class are also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

42. The work and pay records of Plaintiff and the members of the Plaintiffs' class are in the possession, custody, and/or control of Defendants, and Defendants is under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained.

43. Plaintiffs requests an order of this Court requiring Defendants to preserve such records during the pendency of this action.

44.     Plaintiffs are also entitled to an award of reasonable attorney's fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and similarly situated employees who join this action demand:

a) Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216 (b);

b) Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rates;

c) Judgment against Defendants that their violation of the FLSA and its implementing regulations were willful;

d) Liquidated damages in an amount equivalent to the overtime damages owed to Plaintiffs;

e) Leave to add additional Plaintiffs by motion, the filing of written consent forms; or any other method approved by the Court;

f) Leave to amend to add other Defendants who meet the definition of Plaintiffs' employer, 29 U.S.C. § 203(d);

g) Injunctive relief to require Defendants to record, report and preserve records sufficient to enable Plaintiffs and similarly-situated employees to determine their wages, hours and conditions and practices of employment, including practices regarding deductions and payment and nonpayment of overtime as mandated by the FLSA.

h) As a result of, Defendants retaliating against the Plaintiffs in violation of the FLSA, Plaintiffs are seeking to recover from Defendants for front-pay, back-pay, emotional distress, reasonable attorneys' fees and costs/disbursements of prosecuting this case, plus liquidated damages, and post-judgment interest;

i) Attorneys' fees and costs; and

j) All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiffs Bowers on his behalf and on behalf of all other similarly situated delivery drivers hereby demands a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
1037-D Chuck Dawley Blvd, Suite 104
Mount Pleasant, South Carolina 29464
Phone (843) 588-5587 Phone
Fax (843) 593-9334
marybeth@mullaneylaw.net

*Attorney for Plaintiff*

May 16, 2018